# Verna Mae Manufacturing Co., Appellant, *v.* Cameron.

*Securities Act—Foreign corporations—Sales of stock by officers without commissions—Act of June 14, 1923, P. L. 779—Dealer.*

A foreign corporation which sells its stock in Pennsylvania through its own officers, who do not receive any commissions or profit from the sale thereof, is not a dealer in stocks within the meaning of the Securities Act of June 14, 1923, P. L. 779, which requires registration with the commissioner of banking.

Argued January 31, 1927.  Before MOSCHZISKER, C. J., FRAZER, WALLING, KEPHART and SCHAFFER, JJ.

Appeal, No. 18, May T., 1927, by plaintiffs, from judgment of C. P. Dauphin Co., Commonwealth Docket 1926, No. 68, affirming action of defendant in refusing to register plaintiff, in case of Verna Mae Manufacturing Co., Inc., v. Peter G. Cameron, Secretary of Banking of the Commonwealth.  Reversed.

Appeal from decision of Commissioner of Banking. Before HARGEST, P. J., WICKERSHAM and FOX, JJ.

The opinion of the Supreme Court states the facts.

Decision affirmed.  Plaintiff appealed.

*Error assigned* was judgment, quoting record.

*Frysinger Evans,* for appellant.

*Wm. Y. C. Anderson,* Deputy Attorney General, with him *George W. Woodruff,* Attorney General, for appellee.

OPINION BY MR. JUSTICE SCHAFFER, March 14, 1927:

The question here involved is the same as was presented in the preceding case: Com. v. Pastor et al.  Here the appellant, a corporation of the State of Delaware,

is proposing to sell its capital stock through its officers acting without compensation, no commission being charged and no officer being engaged in selling the stock for a profit. The court below determined in the first instance that the corporation was not a dealer and dismissed the proceedings. Subsequently the attorney general called to the court's attention the decision of the Superior Court in the Pastor Case, which had not been rendered at the time the case at bar was determined in the common pleas; thereupon the court reversed its decision and entered judgment in favor of defendant and plaintiff appealed.

For the reasons stated in the case of Com. v. Pastor et al., the judgment is reversed and the proceeding dismissed at the cost of appellee.